### 25405. HOLMES v. SMITH, Warden.

ALMAND, Chief Justice. Willie Neal Holmes, in his petition for the writ of habeas corpus, alleged that he was being illegally detained by Lamont Smith, Warden of the Georgia State Prison. He further alleged that: (a) his plea of guilty to an indictment charging him with the offense of burglary was not entered voluntarily; (b) that he was held incommunicado for some fifteen days after his arrest; and (c) that he was denied the right of counsel.

On the hearing, he supported these claims with his oral testimony. The Sheriff of Wilkinson County, in whose custody the petitioner was after his arrest, testified that he did not urge petitioner to plead guilty, or make any promises to him concerning his sentence. He further testified that petitioner was not denied the right to use the telephone.

E. Kontz Bennett, Jr., a member of the State Bar, testified that he was appointed by Judge George Carpenter to represent petitioner on the burglary charge. He stated that he talked to the solicitor general and the sheriff in order to ascertain

684

the evidence. Mr. Bennett testified further that after consultation with the petitioner, the petitioner decided to enter a plea of guilty. This decision was reported to the trial judge. Mr. Bennett testified finally that the guilty plea was not coerced.

The trial judge found as a matter of fact against all three of the grounds of alleged illegal restraint which were urged by petitioner. He further found that, as a matter of law, petitioner had not been denied any of his constitutional rights. *Held:*

Though the evidence on the material issues in the case was conflicting, it was sufficient to support the findings of the trial judge. It was not, therefore, error to remand the petitioner to the custody of the respondent. *Hurt v. Balkcom,* 210 Ga. 577 (82 SE2d 3).

*Judgment affirmed. All the Justices concur.*

Submitted September 9, 1969—Decided November 6, 1969.

Willie Neal Holmes, *pro se.*